**In re Edward L. LANZA and Lena C. Lanza, t/a Canal Motel, t/a Seascape Condominium t/a Ed's Canal Pavilion, Debtors.**

**Bankruptcy No. 82–03214G.**

United States Bankruptcy Court, D. New Jersey.

Dec. 12, 1985.

Ronald L. Glick, Cinnaminson, N.J., for debtors, Edward L. Lanza and Lena C. Lanza.

Clarence P. Reberkenny, Davis, Reberkenny & Abramowitz, Cherry Hill, N.J., for First Peoples Bank of New Jersey.

Hugh M. Leonard, Newark, N.J., U.S. Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge: [1]

The issue before us in this case is whether we should grant a creditor's motion for reconsideration and amend our earlier order and accompanying opinion [2] which fixed the size of one of the creditor's claims at $300,000.00, in order to allow interest, attorneys' fees and other advances. For the reasons expressed herein, we conclude that the motion is devoid of merit.

The facts of this case which are pertinent to the motion for reconsideration are as follows: [3] The First Peoples National Bank ("the Bank") filed a proof of secured claim for $350,000.00 plus interest, attorneys' fees and other advances. The debtor objected and at the hearing the Bank introduced conflicting evidence on the principal outstanding balance of the loan. At one point the Bank testified that the principal debt was $350,000.00 plus a specified amount of interest while at another juncture it testified that the principal indebtedness was $300,000.00 as a result of certain "write offs" against the alleged $350,-000.00 figure. In light of the facts that the Bank's bookkeeping was execrable and that it introduced two conflicting figures as to the principal indebtedness, as fact finder we resolved the ambiguity against the Bank and found that the indebtedness was $300,000.00. Since there was insufficient evidence for us to establish when the "write off" occurred on the loan, we could not compute the interest component on the loan, since the time of the "write off" would affect the amount of accrued interest. No proof was introduced on the amount of allowable attorneys' fees. Our decision was simply predicated on a lack of adequate proof.

The Bank moved for reconsideration and stated at the hearing on that motion that the "write off" was "not a write off as to liability ... but it's a write off as to what the bank examiners feel should be written off." At the original hearing there was a dearth of evidence as to the meaning of the "write off." Within the realm of reason was the possibility that the "write off" represented a partial satisfaction of indebtedness through the Bank's receipt of the debtors' payments. As stated above, we resolved the ambiguity against the Bank. The hearing on the motion for reconsideration has not changed that determination since the factual record was closed at the termination of the hearing on the objections to the proofs of claim. The salutory purpose of such a rule is that it promoted the finality of litigation. Although under certain instances we may reopen the factual record, the Bank has not addressed the point and we see no compelling justification to grant such relief *sua sponte.*

We will accordingly enter an order denying the motion for reconsideration.

---

1. Specially designated to hear and dispose of cases in the United States Bankruptcy Court for the District of New Jersey at Camden.

2. *In Re Lanza,* 51 B.R. 125 (Bankr.D.N.J.1985).

3. This opinion constitutes and findings of fact and conclusions of law required by Bankruptcy Rule 7052.